## CUSUMANO v. SCHLESSINGER.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

MASTER AND SERVANT ☞341—DISCHARGE OF EMPLOYÉ—LIABILITY OF TRADE UNION.

Plaintiff, whose employer was a member of a cloak and suit makers' association, which had agreed with defendant union that only members of the union should be employed by the association, who was not employed for any definite time, and who was discharged at the instigation of delegates of the association and of the defendant union, on information to his employer, in fact true, that he was not a member of the union, had no cause of action against the defendant union.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1286; Dec. Dig. ☞341.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Robert Cusumano against Benjamin Schlessinger, as President of the International Ladies' Garment Workers' Union, an unincorporated association. From a judgment rendered in favor of the plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Hillquit & Levene, of New York City (Abraham Mann, of New York City, of counsel), for appellant.

Irving H. Bookman, of New York City, for respondent.

HENDRICK, J.   The complaint in this action was verified, and sets forth, in substance, that the plaintiff was in the employ of one Rodin as an operator on ladies' garments, that he continued in said employment until October 2, 1914, that on numerous "occasions during August and September, 1914, and on October 2, 1914, the agents of the defendant by illegal means, unlawfully, and without justification, caused the discharge of the plaintiff from said employment on said October 2, 1914." It also avers that, by reason of the wrongful acts of defendant, plaintiff has been unable to, and forever after will be unable to, obtain employment.

Upon the trial these undisputed facts appear:   That Rodin, plaintiff's employer, was a member of the Cloak & Suit Makers' Association; that there was an association known as the International Garment Association, the defendant herein; that there was an agreement between the association and the defendant that only members of the defendant should be employed by members of the Cloak & Suit Makers' Association; that on or about October 2, 1914, one Lubin, a representative of the Cloak & Suit Makers' Association, and one Schuster, a delegate belonging to the defendant, called upon Rodin and informed him that plaintiff was not a member of the defendant union, and that therefore Rodin must discharge him, which was done.   Rodin testified that he discharged the plaintiff because the delegates, Lubin and Schuster, directed him to do so, as by reason of his membership in his association he was required to obey its orders.   Plaintiff showed that up to the time of the trial he had been idle for about eight weeks; that during his employment with Rodin he had earned not to exceed $20 per week; that during the time between his discharge by Rodin and the time of trial he had endeavored to obtain work, but, owing to the fact that he was not a union member, he could not secure a position.   The court below upon this testimony gave judgment in favor of the plaintiff for $500, and the defendant appeals.

It is impossible to sustain this judgment upon any legal basis.   The plaintiff has not shown that he was employed for any definite time by Rodin.   If his hiring was for an indefinite term, Rodin had a right to discharge him at any time for cause, or without cause.   He evidently was discharged by reason of the statements made by Lubin and Schuster, the latter representing the defendant.   But these statements were not false or untrue.   On the contrary, they were true, and were merely

to the effect that, according to the existing agreement between members of the two associations, Rodin could not, in consonance with that agreement, longer continue plaintiff in his employ. If plaintiff had been employed for a definite time, and discharged for the reason that he was not a union man, in an action brought against Rodin for a wrongful discharge, it could have been determined whether or not this was a sufficient reason therefor. No action will lie, however, against this defendant for requesting an employer to discharge an employé, for the reason that such employé is not one of its members, or for any other reason, if such statement is true. The responsibility of such discharge rests entirely upon the employer, and he alone must respond in damages to such discharged employé, if the discharge is wrongful. There is also no evidence that the defendant in any way attempted to prevent the plaintiff from obtaining employment elsewhere, and it is perfectly clear that the plaintiff has no cause of action against the defendant.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.